## Enos Dean *vs.* Pierce Millard.

Where the assignee of a mortgage transfers it back to a prior holder, who
is in possession of the mortgaged property, the transfer, *though not in
writing*, is a release of the assignee's claim to the property.

An officer's return, referred to in the certificate annexed to a deposition, is.
made part of the certificate for the purpose for which it was referred to.

Replevin for certain machinist's tools and engines.
The defendant pleaded that the property was not in the
plaintiff but in one Thurston. The plaintiff showed title
through Nelson Williams, who bought the tools of
Olney Winsor. Before the sale from Winsor to Wil-
liams, the property had been mortgaged to Vernon W.
Millard, who had transferred the mortgage in writing
to Pierce Millard, the defendant. Pierce Millard had
transferred the mortgage in writing to Thurston, and
afterwards Thurston gave back the mortgage and note
to Pierce Millard, without writing any transfer upon it.
Pierce Millard then transferred the mortgage in writing
to Nelson Williams.

The Court held, that the transfer of the mortgage from
Thurston back to Millard, although not in writing, (Mil-
lard being in possession of the property,) was a release of
Thurston's claim to the property.

The plaintiff offered in proof of his case, a deposition,
with a certificate of the justice before whom it was taken,
attached, in which it was stated that the opposite party
was served with reasonable notice, as would appear by
the annexed return of the sheriff. It was objected on the
part of the defendant that the certificate itself should
disclose the time, at which notice was given. But the

Court held, that the reference to the officer's return made it a part of the certificate for the purposes for which the reference was made, and, if the return showed the requisite notice, it was sufficient proof.

HOLDEN, for the plaintiff.

CARPENTER, for the defendant.